# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ERIC LYDELL WILKS                                                                             PLAINTIFF

V.                                                                      NO. 4:20-CV-168-DMB-JMV

ANDREW SAUL,
**Commissioner of Social Security**                                                           DEFENDANT

## ORDER

On September 21, 2020, Eric Lydell Wilks filed a complaint in the United States District Court for the Northern District of Mississippi seeking judicial review of the Commissioner of Social Security's decision denying his claim for benefits. Doc. #1. On June 2, 2021, this Court reversed the unfavorable decision and remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #21.

The same day, Wilks filed a motion for an award of attorney's fees in the amount of $5,118.39 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[1] to be paid to his attorney for 25.10 total hours of work performed at the rate of $203.92 per hour. Doc. #22 at PageID 755. The Commissioner does not object to the requested hourly rate. Doc. #23 at 2. However, the Commissioner argues that the Court should reduce the requested award by $122.35 because 0.60 hours of the requested amount is attributable to responding to a September 22, 2020, order which directed Wilks to disclose his wife's income and assets in support of his request to proceed in forma pauperis. *Id*. at 1–2. The Commissioner further insists that, consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the award may be *mailed* to Wilks' counsel but must be

---

[1] The judgment in this case is properly considered final because the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g), which "terminates the civil action seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 298–99 (1993) (cleaned up).

made payable to Wilks. *Id.* at 2. Wilks replies that the 0.60 hours spent on the order to show cause response was reasonable and thus may be authorized. Doc. #24.

Under the EAJA, a court may award "reasonable fees and expenses of attorneys." 28 U.S.C. § 2412(b). "The claimant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim through the presentation of adequately recorded time records as evidence." *Prince v. Colvin*, 94 F. Supp. 3d 787, 794 (N.D. Tex. 2015) (collecting cases). While the EAJA "cover[s] the cost of all phases of successful civil litigation,"[2] it is unreasonable to compensate an attorney "for attorney fees as the result of her own invited error." *Stephens v. Astrue*, No. 1:07-cv-1001, 2009 WL 2905574, at *2 n.3 (M.D. Ala. Sept. 4, 2009).

As observed by United States Magistrate Judge Roy Percy in his show cause order, resolution of a motion to proceed in forma pauperis depends in part on the financial status of an applicant's spouse. *See* Doc. #3 (collecting cases). Given this, the submission of an in forma pauperis application without *any* information about Wilks' spouse's income necessarily invited Judge Percy's order to show cause. It follows that compensation for the time spent on the show cause response is unreasonable.

The Court therefore finds a fee award of $4,996.04 ($5,118.39 less $122.35 for show cause response time) is reasonable and that no special circumstance would make the award unjust. The Court further finds that the award should be made payable to Wilks pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff* because Wilks has presented no argument or legal authority to the contrary. *See* 560 U.S. 586, 597–98 (2010) (holding the attorney's client should be the payee of the fee award pursuant to the provisions of the EAJA, regardless of any assignment).

---

[2] *Commissioner v. Jean*, 496 U.S. 154, 166 (1990).

Accordingly, Wilks' motion for attorney fees [22] is **GRANTED in Part and DENIED in Part**.  It is GRANTED to the extent Wilks is awarded attorney's fees in the amount of $4,996.04 (24.50 hours at the hourly rate of $203.92).  It is DENIED in all other respects.  The Commissioner is **DIRECTED** to promptly pay Wilks $4,996.04 in attorney's fees for the benefit of his counsel.

**SO ORDERED**, this 21st day of June, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**